(23 Misc. Rep. 63.)

### PEOPLE ex rel. LARKIN v. HULL.

(Supreme Court, Special Term, Erie County. March 25, 1898.)

COUNTIES—EXCISE DEPARTMENT—WITNESS FEES.

The witness fees of a special agent in the department of excise, who had in the course of his duty obtained evidence of a violation of Laws 1896, c. 112 (Liquor Tax Law), for testifying thereto before the grand jury of Genesee county, are a charge against such county, and not against the state, as expenses incurred by its agent.

Motion by the people, on the relation of Richard W. Larkin, against Carlos A. Hull, as county clerk of Genesee county, for a peremptory writ of mandamus to compel defendant to certify the number of days relator attended before the grand jury as a witness. Granted.

J. M. Congdon, for relator.
Safford E. North, for respondent.

WHITE, J. The relator is a special agent in the department of excise in this state, and the respondent is county clerk of Genesee county. In the discharge of his duty, the relator investigated an alleged violation of the liquor tax law in Genesee county, and made a complaint against the alleged offender, to the district attorney of that county, which complaint was presented by the district attorney to a grand jury. The district attorney subpoenaed the relator at New York City to appear and testify as a witness before the grand jury, and pursuant to the subpoena the relator traveled from New York to Batavia for that purpose, and testified before the grand jury. His fees as such witness, if he is entitled to any, amount to $34.30, and it is the intention of the relator to pay over to the state of New

York, the amount of those fees if he shall receive them. The relator requested the respondent to certify to the number of days he (the relator) attended before the grand jury, and to the number of miles he had traveled to so attend, which the respondent refuses to do, upon the ground that the relator is not entitled to charge or receive fees or mileage as a witness for attendance before the grand jury, within the meaning of sections 609 and 616, Code Cr. Proc.; 'the respondent's contention in that behalf being that the liquor tax law imposes upon the relator, as a special agent of the excise department, the duty so to attend and testify, at the expense of that department. It is understood to be the universal practice or custom now of counties to pay witnesses for the people who are not special agents in the excise department, situated as Larkin was, when subpœnaed by the district attorney of Genesee county,—that is, witnesses who come from another county, and travel a considerable distance, to attend and testify before the grand jury,—fees and mileage for so attending and testifying; and, for the purposes of this case, it is assumed that that practice or custom is warranted by section 616 of the Code of Criminal Procedure, and that the proceeding before the grand jury is the trial of a criminal action, within the meaning of that provision of the statute. No objection to that construction of it is made by the respondent. The refusal of the respondent, therefore, to give the certificate asked for by the relator, he having made proof of the fact of his attendance, and the number of miles he traveled for that purpose, in the manner prescribed by law, must be justified, if at all, by the liquor tax law itself.

The object sought to be attained by that law is primarily to tax and regulate the traffic in liquors in such a manner as to insure uniformity in the application and enforcement of the excise law, in place of a great diversity in those respects, which prevailed before its enactment, by reason of sympathies and prejudices which existed in different localities, and which it is generally conceded many times caused acts of favoritism and injustice on the part of the officials charged with its administration. The only provisions contained in the liquor tax law which can be said to bear upon the question presented for solution here are found in sections 10, 35–38, and 42. Such provisions are, in substance, that special agents shall be appointed by the state commissioner; that they shall receive a salary of $1,200 a year, payable in monthly installments, together with such necessary expenses as they may incur by direction of the state commissioner in the performance of the duties of their office. The relations between the commissioner and those agents are made confidential by the statute, and they are required, under his direction, to investigate all matters relating to the collection of liquor taxes and penalties under the act, and in relation to the compliance with law by persons engaged in the traffic in liquors. They may also investigate other matters in connection with the sale of liquor, and, with certain county and municipal officers, are required to notify district attorneys of violations of the statute which may come to their knowledge. The offense investigated by the special agent, as far as we are now interested in that question, shall be prosecuted by indictment by a grand jury of the

county in which the crime was committed; and all fines and costs imposed and penalties recovered by civil actions are to be paid, in the first instance, to the treasurer of the county where the offender is prosecuted and convicted or penalties are collected, and are then apportioned and divided between the state and county, as provided by the law.    Criminal actions are, generally speaking, local, and the expenses thereof are borne by the counties where they are tried.    There is no provision either in the liquor tax law or any other statute imposing upon special agents of the excise department any duty or obligation to appear as witnesses before grand juries or at all, otherwise than under and by virtue of subpoenas.    In that respect they are situated precisely like other witnesses, and are compelled to so attend and testify in the same manner.    I am of the opinion that, if the legislature had intended to place such an obligation upon such special agents, the law would have so provided.

There is an entire absence of statutory law making it a duty of a special agent to take any part in the prosecution of violations of the liquor tax law, after he shall have investigated the matter and made a report to the district attorney.    In that respect the duty of a special agent is exactly the same as that of other county and municipal officers, as has already been said.    The only officer or person competent to enforce the law by criminal action is the district attorney.    The fact that the relator, by his original investigation and report of the Petrie Case, thereby made himself an indispensable witness for the people, or that he now understands that he is obliged to turn over to the state the fees, if any, which he may receive, does not seem to me to be relevant to this discussion.    There seems to be no basis for such an understanding, and therefore it is but an erroneous conception of the law.    Of course, if, as the respondent contends, the state or excise department has paid the expenses of the relator in going to Batavia from New York to testify, and the county is required to pay the same expenses to the relator, he will receive a double payment of those expenses; but, as I construe the law, that is not the case. The expense of a witness, once paid by the county to the witness, should not, and it is assumed will not, be again paid to him by the state or excise department.    The expense incurred and paid by a witness in such a case is not such as section 10 of the liquor tax law provides for, because it is not an expense incurred by direction of the state commissioner, within the meaning of that section of the statute.    The state commissioner not only does not direct or command the special agent to appear and testify before the grand jury, but would have no right or authority so to do or to interfere in any way to prevent an exact and prompt obedience to a subpoena served upon a special agent in such a case.    The right to a fee for attendance is given expressly by statute to all witnesses alike who attend and testify before a grand jury.

In my opinion, the writ asked for should be granted.